# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

LUIS GUILLERMO FIGUEROA,

Defendant-Appellant.

UNPUBLISHED
October 10, 2017

No. 333300
Ingham Circuit Court
LC No. 15-000624-FH

Before: TALBOT, C.J., and O'CONNELL and O'BRIEN, JJ.

PER CURIAM.

Defendant, Luis Guillermo Figueroa, appeals as of right his conviction following a jury trial of domestic assault, third offense, MCL 750.81(4). The trial court sentenced Figueroa as a fourth-offense habitual offender, MCL 769.12, to 5 to 15 years in prison. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The complainant was Figueroa's former girlfriend and the mother of his child. During an argument, Figueroa accused the complainant of cheating on him, grabbed her upper arms with both of his hands, shook her violently, and took her cell phone when she attempted to call the police. The complainant struggled with Figueroa to get her cell phone back. When she got her phone back, Figueroa shoved her back into the apartment, then left. A neighbor called the police during the encounter.

After Figueroa's arrest, he called the complainant from jail several times. In these recorded calls, Figueroa told the complainant not to come to court and offered her money.

The prosecution notified the trial court that it had proof of service of a subpoena on the complainant three weeks before trial directing her to appear at trial. When she did not appear, the prosecution moved for admission of the complainant's statements to the police officers under MRE 804(b)(6) (statement made by an unavailable declarant and offered against a party who procured the declarant's unavailability).

The trial court granted the motion. The trial court determined that the prosecution used due diligence to procure the complainant's attendance at trial by serving a subpoena on her. The trial court further concluded that Figueroa successfully encouraged the complainant not to testify at trial. Consequently, the trial court also ruled that Figueroa waived his Sixth Amendment right

-1-

to confront the witness. Detective Kelly Bowden, who investigated the assault, testified at trial about what the complainant told her about the assault.

On appeal, Figueroa argues that the trial court erred by admitting the complainant's out-of-court statements. Figueroa also contends that admission of the complainant's statements violated his Sixth Amendment right of confrontation. We disagree.

## II. STANDARD OF REVIEW

We review a trial court's decision to admit evidence for an abuse of discretion. *People v Jones*, 270 Mich App 208, 211; 714 NW2d 362 (2006). A trial court abuses its discretion if there is no justification for its decision. *Id*. We also review constitutional questions de novo. *People v Benton*, 294 Mich App 191, 195; 817 NW2d 599 (2011).

## III. ANALYSIS

Generally, hearsay is inadmissible. MRE 802. If the declarant is unavailable to testify, the out-of-court statement is admissible if "offered against a party that has engaged in or encouraged wrongdoing that was intended to, and did, procure the unavailability of the declarant as a witness." MRE 804(b)(6). The proponent of the evidence bears the burden of proving its admissibility by a preponderance of the evidence. *Jones*, 270 Mich App at 217.

A witness is unavailable when they do not attend a hearing, and the party seeking to introduce the witness's testimony was unable to secure the witness's attendance "by process or other reasonable means[.]" MRE 804(a)(5). In a criminal case, the proponent must demonstrate due diligence in procuring the witness's attendance. MRE 804(a)(5).

Due diligence requires a good-faith attempt to find the witness. *People v Bean*, 457 Mich 677, 684; 580 NW2d 390 (1998). The test is whether the prosecution's efforts were reasonable, not whether it should have undertaken more "stringent efforts[.]" *Id*. Thus, what constitutes due diligence depends on the facts and circumstances of each case. *Id*.

Figueroa first challenges the trial court's admission of the complainant's out-of-court statement by arguing that the prosecution failed to exercise due diligence to procure the complainant's attendance at trial. Figueroa maintains that the prosecution did not undertake significant efforts to ensure the complainant's presence aside from serving her with a subpoena. Figueroa relies on *Bean*, 457 Mich 677, and *People v Dye*, 431 Mich 58; 427 NW2d 501 (1988), to support his argument.

This case is distinguishable from *Bean* and *Dye*. Those cases both involved the prosecution's insufficient efforts to find critical witnesses. *Bean*, 457 Mich at 689-690; *Dye*, 431 Mich at 76-78. In contrast, the prosecution in this case did not need to undertake extensive efforts to locate the complainant. The prosecution knew where the complainant lived and successfully served a subpoena on her three weeks before trial. Therefore, the trial court did not abuse its discretion by determining that the prosecution used due diligence to attempt to secure

the complainant's attendance at trial and that the complainant was unavailable when she did not appear.[1]

Next, Figueroa argues that the trial court erred by concluding that his wrongdoing caused the complainant's unavailability at trial. We disagree. In the eight days following his arrest, Figueroa attempted to call the complainant 52 times while he was in jail and reached her six times. In these calls, Figueroa and the complainant talked about exchanging money and the complainant not going to court. They also discussed how the complainant could avoid service of a subpoena. The complainant subsequently did not appear at trial. Thus, the trial court did not abuse its discretion by attributing the complainant's failure to appear at trial to Figueroa's calls.

Figueroa emphasizes that the recorded phone conversations preceded the preliminary examination and did not refer to a trial. He maintains that he ceased efforts to stop the complainant from testifying against him after the preliminary examination because he was bound over for trial even without the complainant's testimony. The complainant's failure to attend both the preliminary examination and the trial supports the trial court's determination that Figueroa intended to keep the complainant from going to court at all without distinguishing between the types of court appearances. Accordingly, the trial court did not abuse its discretion by admitting the complainant's statements under MRE 804(b)(6).

Lastly, we reject Figueroa's suggestion that admission of the complainant's statements violated his constitutional right of confrontation. The Sixth Amendment guarantees a defendant's right to confront witnesses against him. US Const, Am XI; see also Const 1963, art 1, § 20. When a defendant's wrongdoing procures a witness's unavailability, he forfeits his constitutional right to confront the witness. *Jones*, 270 Mich App at 212. By engaging in wrongdoing intended to make the complainant unavailable for trial, Figueroa forfeited his right to confront her. Therefore, the trial court did not violate Figueroa's constitutional right of confrontation by admitting the complainant's out-of-court statements.

We affirm.

/s/ Michael J. Talbot
/s/ Peter D. O'Connell
/s/ Colleen A. O'Brien

---

[1] For these reasons, remand for a hearing about the prosecution's efforts to secure the witness's attendance at trial, as described in the affidavit attached to the prosecution's brief on appeal, is unnecessary.